IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: KIMBERLY ANN NICHOLSON | : | CASE NO.: 5:14-04228-JJT |
| | : | |
| Debtor. | : | CHAPTER 13 |
| KIMBERLY ANN NICHOLSON, | : | |
| | : | |
| Objectant, | : | |
| | : | |
| v. | : | |
| | : | |
| eCAST Settlement Corporation, assignee of | : | Objection to Proof of Claim |
| Citibank, N.A. | : | 11 U.S.C. § 502(b)(1) |
| | : | |
| Claimant. | : | |

**DEBTORS' OBJECTION TO PROOF OF CLAIM**
**OF ECAST SETTLEMENT CORPORATION**

AND NOW, comes Kimberly Ann Nicholson (heretofore referred to as the "Debtor"), by and through her attorney, Patrick J. Best, Esquire, of ARM Lawyers, who hereby objects to the Proof of Claim filed by eCAST Settlement Corporation. (heretofore referred to as the "Creditor") as follows:

1. The instant Bankruptcy was filed on September 12, 2014.

2. On January 20, 2015, Creditor filed its Proof of Claim, indexed at Claim No. 5-1, attached herewith as "Exhibit A."

3. In their Proof of Claim, Creditor states an alleged unsecured debt, $3,937.42.

4. Further, Creditor indicated that the alleged debt was acquired from and/or assigned by Citibank, N.A.

5. Creditor did not attach any documentation establishing that the alleged debt was actually acquired from Citibank, N.A. other than a nondescript Bill of Sale which does not specifically assign any alleged debt from Debtor.

6. Debtor has requested additional information pursuant to Fed. R. Bankr. P. 3001(c)(3)(b) but has not yet received any response.

7. Debtor believes, and therefore avers, that Creditor did not actually acquire the right to collect any debt from Debtor which would be owed to Citibank, N.A.

8. "[I]t is not sufficient that the debtor owes someone money; the issue is whether the debtor (and hence the bankruptcy estate) owes it to the party filing the proof of claim." In re King, Bk. No. 08–13152–SSM, 2009 WL 960766 (Bankr.E.D.Va. 2009).

9. Further, Debtor avers that even if Creditor were properly assigned an alleged debt from Citibank, N.A., such a debt should be disallowed pursuant to 11 U.S.C. 502(b)(1) in that this claim is unenforceable against the debtor pursuant to Pennsylvania law.

10. More specifically, Debtor disputes that a contract exists and Creditor has produced no evidence that such a contract exists.

11. Thus, if Debtor were not in bankruptcy, neither Creditor nor Citibank, N.A. would be able to sustain an action against Debtor in state court.

12. Debtor is not liable for this alleged debt under state law.

**WHEREFORE**, Debtor respectfully requests that this Honorable Court enter an Order disallowing Claim 5 for the reasons set forth above.

Date: October 22, 2018

/s/ Patrick J. Best
Patrick J. Best, Esq.
ARM Lawyers
18 N. 8th St.
Stroudsburg PA 18360
570-424-6899