# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| KIMBERLY ANN NICHOLSON | Chapter: 13 |
| Debtor(s) | Case Number: 5:14-bk-04228-RNO |
| v. | Document No.: 78 |
| eCAST SETTLEMENT CORPORATION, assignee of Citibank, N.A. | Nature of Proceeding: Objection to Proof of Claim |
| Creditor(s) | |

## OPINION[1]

Claimant, a purported claim assignee, filed its Claim in Debtor's Chapter 13 bankruptcy. Subsequently, Debtor filed an Objection requesting the Claim be disallowed in its entirety. For the reasons stated below, Debtor's Objection is sustained, and the Claim is disallowed.

### I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### II. FACTS AND PROCEDURAL HISTORY

On September 12, 2014, Kimberly Nicholson ("Debtor") filed her voluntary Chapter 13 bankruptcy petition. In her Schedule F, Debtor listed Citibank, N.A. ("Citibank") as an unsecured, nonpriority, undisputed creditor in the amount of $3,821.00 for a revolving consumer credit account with the account number having the last four digits of 1529.

---

[1] Drafted with the assistance of Timothy R. Powell, Esq., Law Clerk.

1

On January 20, 2015, eCAST Settlement Corporation ("Claimant") filed Proof of Claim No. 5 ("Claim"). It asserts a claim of $3,937.42 for a credit card account which is identified by the last four digits of the account number, 1529. Additionally, attached to the Claim are a Statement of Claim ("Statement of Claim"), a Bill of Sale and Assignment between Claimant and Citibank ("Bill of Sale and Assignment"), and a pre-petition account statement ("Account Statement"), all of which allegedly provide that Citibank assigned the account underlying the Claim to Claimant.

On October 22, 2018, Debtor filed her Objection to the Claim ("Objection"). In her Objection, Debtor disputes that Citibank assigned her account to Claimant and alleges a lack of documentation for such an assignment. On that same day, Debtor sent a letter, pursuant to Federal Rule of Bankruptcy Procedure ("Rule") 3001(c)(3)(B), requesting Claimant produce additional information evidencing the account's underlying contract and assignment, but, allegedly, Claimant's response failed to produce the requested information. Due to this failure, Debtor argues that the Claim should be disallowed pursuant to 11 U.S.C. § 502(b)(1)[2] because the Claim is unenforceable under Pennsylvania state law.

On November 21, 2018, Claimant filed its Answer ("Answer"). The Answer contains multiple arguments that the Claim should be allowed. Additionally, Claimant attached a form Affidavit ("Affidavit") signed by an employee of Citibank which states that "the account ending in 1529 was sold to eCAST Settlement Corporation on or about 10/30/2014."

On December 11, 2018, a hearing was held on the Objection to the Claim ("December 11 Hearing"). At the December 11 Hearing, Claimant attempted to introduce the Affidavit into

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code" or "Code").

evidence to which Debtor objected arguing hearsay. Without ruling on this hearsay objection, Judge Thomas, who was then presiding over this case, set a briefing schedule and took the matter under advisement.

On January 1, 2019, Claimant filed its Brief in Support of its Answer ("Claimant's Brief"). On that same day, Debtor filed her Brief in Support of her Objection ("Debtor's Brief").

On February 13, 2019, this case was reassigned to me due to the untimely passing of Judge John J. Thomas. On March 13, 2019, the parties filed a Joint Statement for the Matter to be Decided Based on the Existing Record. The Objection is now ripe for decision.

## III. DISCUSSION

In her Objection, Debtor alleges that Claimant never acquired the right to collect any debt Debtor owed to Citibank, and therefore, the Claim should be disallowed pursuant to § 502(b)(1) of the Bankruptcy Code and Pennsylvania state law. Debtor's Obj. to Proof of Claim No. 5 at 1-2, ECF No. 78. In support of her assertion, Debtor provides that she sent Claimant a Rule 3001(c)(3)(B) request demanding that Claimant provide her with the account agreement underlying the Claim and the purported assignment transferring the specific account to Claimant. *Id.* While Claimant did respond to this request, it was unable to provide the underlying contract between Debtor and Citibank or the assignment of the specific account from Citibank to Claimant. Br. in Supp. of Resp. to Debtor's Obj. to Proof of Claim No. 5 at 11-12, ECF No. 85. Regardless, Claimant brought the following arguments in favor of the allowance of the Claim: (1) the Claim satisfies Rule 3001(c)(3); (2) the Claim commands *prima facie* validity; (3) Debtor fails to show a basis for disallowance of the Claim pursuant to § 502(b)(1)-(9); (4) Claimant complied with Rule 3001(e)(1) in filing its post-petition assignment; (5) the state law theories of recovery of account stated, unjust enrichment, and promissory estoppel support a finding in favor

3

of Claimant; (6) Claimant should not be penalized pursuant to Rule 3001(c)(2)(D); and (7) Debtor's scheduling of the debt underlying the Claim is an admission against interest.

Allowance or disallowance of a proof of claim is governed by § 502 and Rule 3001. *In re Foy*, 469 B.R. 209, 212 (Bankr. E.D. Pa. 2012). Under § 502(a), "[a] proof of claim filed in compliance with the Federal Rules of Bankruptcy Procedure is deemed allowed unless a party in interest objects." *In re O'Brien*, 440 B.R. 654, 666 (Bankr. E.D. Pa. 2010). Subsequently, § 502(b) provides that if a party in interest objects, the court "shall determine the amount of such claim … as of the date of the filing of the petition, and shall allow such claim in such amount," subject to several exceptions. *In re Milbourne*, 557 B.R. 376, 388 (Bankr. E.D. Pa. 2016); *see also* 11 U.S.C.A. § 502(b)(1)-(9) (West). Bankruptcy courts resolve objections to proofs of claim by employing a burden shifting analysis.

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 L. King, *Collier on Bankruptcy* § 502.02, at 502-22 (15th ed. 1991)). In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case. *Id.*; *see In re Windsor Communications Group, Inc.*, 45 B.R. 770, 773 (Bankr. E.D. Pa. 1985). In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *See In re WHET, Inc.*, 33 B.R. 424, 437 (Bankr. D. Mass. 1983). The burden of persuasion is always on the claimant. *Holm*, 931 F.2d at 623 (quoting *Collier* § 502.02, at 502-22); *Windsor Communications*, 45 B.R. at 773.

*In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992).

### A. The Claim is *Prima Facie* Valid

As stated above, the claimant bears the initial burden of proving the *prima facie* validity of its claim. *In re Allegheny Int'l, Inc.*, 954 F.2d at 173. However, in our case, Debtor is not disputing the *prima facie* validity of the Claim. Debtor's Br. in Supp. of Debtor's Obj. to Proof of Claim No. 5 at 5, ECF No. 86. I will therefore accept the Claim's *prima facie* validity.

### B. Rule 3001(c), § 502(b), and State Law

The burden now shifts to Debtor to produce evidence sufficient to negate the *prima facie* validity of the Claim. To do so, Debtor argues that Claimant's failure to satisfy the requirements under Rule 3001(c)(3)(B) and Rule 3001(c)(1), coupled with Debtor's testimony at the December 11 Hearing, negates the *prima facie* validity of the Claim and therefore disallows the Claim in its entirety unless Claimant can meet its ultimate burden. Debtor's Br. in Supp. of Debtor's Obj. to Proof of Claim No. 5 at 4-6, ECF No. 86; *see also In re Snedeker*, 2018 WL 3583047 (Bankr. M.D. Pa. July 25, 2018).

1. *Rule 3001(c)(3)(B) and Rule 3001(c)(1)*

Rule 3001(c)(3)(B) provides:

> (B) On written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision.

Rule 3001(c)(3)(B) allows a party in interest to request, from the claimant, a copy of the writing specified in Rule 3001(c)(1) within thirty days after the request is sent. Rule 3001(c)(1) provides:

> (c) Supporting Information.
> (1) Claim based on a writing.
> Except for a claim governed by paragraph (3) of this subdivision, when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the

writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.[3]

"The writing specified in Rule 3001(c)(1) is the writing on which the claim is based, which, in the context of Rule 3001(c)(3), would be the underlying open-end or revolving consumer credit agreement." *In re Isherwood*, 2019 WL 885876, at *3 (Bankr. D. Md. Feb. 20, 2019).

On October 22, 2018, and pursuant to Rule 3001(c)(3)(B), Debtor sent a letter to Claimant requesting the original signed cardholder agreement between Debtor and Citibank as well as the assignment transferring Debtor's specific account from Citibank to Claimant. Br. in Supp. of Resp. to Debtor's Obj. to Proof of Claim No. 5 at 11, ECF No. 85. While Claimant did respond to this request within thirty days, Claimant was unable to provide Debtor's cardholder agreement with Citibank. *Id.* at 11-12. Additionally, in its Answer, and at the December 11 Hearing, Claimant attempted to introduce into evidence the Affidavit signed by a document control officer at Citibank which states that Citibank sold the Debtor's specific account to Claimant. *See* Resp. to Debtor's Obj. to Proof of Claim No. 5, Exhibit A, ECF No. 79. However, Debtor objected to the admission of this evidence as hearsay at the December 11 Hearing and in Debtor's Brief. *See* Debtor's Br. in Supp. of Debtor's Obj. to Proof of Claim No. 5 at 6, ECF No. 86.

The Federal Rules of Evidence apply to bankruptcy proceedings. *In re Il Nam Chang*, 539 B.R. 733, 736 (Bankr. M.D. Pa. 2015) (citation omitted). "Hearsay is defined as 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.'" *Nigroni v. Trump Plaza Assoc.*, 54 Fed.

---

[3] It should be noted that, as provided in the first sentence, Rule 3001(c)(1) only applies to claims governed by Rule 3001(c)(3) if a request is made pursuant to Rule 3001(c)(3)(B). Because it was undisputed by either party that this Claim was based on an open-end or revolving consumer credit agreement (i.e., a credit card agreement), Debtor's Rule 3001(c)(3)(B) request was necessary for Rule 3001(c)(1) to apply in this case.

6

Appx. 31, 32 (3d Cir. 2002) (quoting Fed. R. Evid. 801(c)). Under the Federal Rules of Evidence 802-807, hearsay is inadmissible unless an exception applies. Claimant argues that Citibank assigned it the right to collect a debt Debtor owed to Citibank. To support this assertion, Claimant provided the signed Affidavit of an employee of Citibank which alleges that Citibank assigned Debtor's specific account to Claimant. Br. in Supp. of Resp. to Debtor's Obj. to Proof of Claim No. 5 at 11-12, ECF No. 85. Additionally, Claimant provides that Citibank allegedly told them that Debtor's cardholder agreement and Debtor's credit card application are no longer available. *Id.* Claimant did not call any witnesses to testify at the December 11 Hearing. Had Claimant called a Citibank custodian or other representative to testify, the Affidavit might have been admitted into evidence under the business records exception to the hearsay rule. *See* Fed. R. Evid. 803(6); *see also United States v. Pelullo*, 964 F.2d 193, 200-02 (3d Cir. 1992). At the very least, Citibank's spoken testimony at the December 11 Hearing could have been admitted into evidence.

Without Citibank's testimony, the information in the Affidavit and Citibank's alleged statements are inadmissible hearsay because they are statements of a non-testifying declarant which are being offered to prove the truth of the matter asserted. Therefore, this information can be given no evidentiary effect. Because sanctions may play an important role in deciding whether or not I should disallow the Claim, I will now turn my attention to Rule 3001(c)(2)(D).

    2. *Rule 3001(c)(2)(D)*

While it is undisputed that Claimant did respond to Debtor's Rule 3001(c)(3)(B) request, it also appears that Claimant failed to comply, at least partially, with Rule 3001(c)(1). Rule 3001(c)(2)(D) addresses the imposition of sanctions based on a claimant's failure to provide information required under Rule 3001(c). *In re Isherwood*, 2019 WL 885876, at *4 (Bankr. D.

Md. Feb. 20, 2019); *see also In re Critten*, 528 B.R. 835, 840 (Bankr. M.D. Ala. 2015) (noting that the remedy for a violation of Rule 3001(c) is limited to the provisions in Rule 3001(c)(2)(D)). Rule 3001(c)(2)(D) provides:

> (2) Additional requirements in an individual debtor case: sanctions for failure to comply.
> In a case in which the debtor is an individual:
>
> \* \* \*
>
> (D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:
> (i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
> (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

The inclusion of the word "may" grants me discretion in determining whether or not to impose one of two types of sanctions provided in Rule 3001(c)(2)(D). *See In re Goeller*, 2013 WL 3064594, at *2 (Bankr. E.D. Va. June 19, 2013). First, I may preclude a claimant from presenting any omitted information as evidence in any contested matter in a case unless I determine that the failure to present the omitted information was substantially justified or harmless. *See* Rule 3001(c)(2)(D)(i). Second, I may award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure to present the omitted information. *See* Rule 3001(c)(2)(D)(ii). However, I note that Rule 3001(c)(2)(D) does not allow for the disallowance of a claim as a permissible remedy.[4]

---

[4] *See* 11 Norton Bankr. L. & Prac. 3d, Fed. R. Bankr. P. 3001, Advisory Committee Note (2011) ("Failure to provide the required information does not itself constitute a ground for disallowance of a claim. *See* § 502(b) of the Code."); *In re Ollis*, 2019 WL 1313397, at *4 n.7 (Bankr. D.S.C. Mar. 21, 2019) ("[Rule 3001(c)(2)(D)] does not arise to the disallowance of the claim, which is limited to the reasons set forth under § 502(b)." (citation omitted)); *In re Freeman-Clay*, 578 B.R. 423, 445 (Bankr. W.D. Mo. 2017) ("It is well-established that 'other appropriate relief' does not include the disallowance of a claim." (citation omitted)); *In re Davenport*, 544 B.R. 245, 250 (Bankr. D.D.C. 2015) ("The debtor's view of Rule 3001(c)(2)(D)(i) as permitting disallowance of a claim based on a

a. Rule 3001(c)(2)(D)(ii)

Pursuant to Rule 3001(c)(2)(D)(ii), Debtor requests I grant her reasonable attorney's fees in the amount of $1,000.00 as a remedy for Claimant's failure to provide the information required by Rule 3001(c)(1). Debtor's Br. in Supp. of Debtor's Obj. to Proof of Claim No. 5 at 6-8, ECF No. 86. While I acknowledge that Rule 3001(c)(2)(D)(ii) does grant me discretion in granting such a remedy, I also recognize that such a request was denied in *In re Snedeker* as an inappropriate sanction. 2018 WL 3583047, at *4 (Bankr. M.D. Pa. July 25, 2018). Judge Thomas held as such even though the claimant in *Snedeker* entirely failed to respond to that debtor's Rule 3001(c)(3)(B) request and failed to explain why the original cardholder agreement could not be provided. *Id.* In our case, Claimant did respond and did try to explain the absence of the required documents. Therefore, in this less egregious situation, I will deny Debtor's request for attorney's fees.

b. Rule 3001(c)(2)(D)(i)

Pursuant to Rule 3001(c)(2)(D)(i), Debtor requests I preclude Claimant from presenting any form of evidence related to Claimant's failure to provide the information requested in Debtor's Rule 3001(c)(3)(B) request. In support, Debtor again cites *In re Snedeker* where Judge Thomas imposed Rule 3001(c)(2)(D)(i) to prevent a claimant from presenting omitted information, thereby supporting his ultimate holding which disallowed the claim. 2018 WL 3583047, at *4 (Bankr. M.D. Pa. July 25, 2018). I find that the facts of *Snedeker* are distinguishable from this case because, in *Snedeker*, the claimant never explained or attempted to

---

violation of Rule 3001(c)(2)(B) is an erroneous view."); *In re Reynolds*, 470 B.R. 138, 144 (Bankr. D. Colo. 2012) ("Neither Rule 3001(c)(2)(D)(i) nor (ii) include disallowance of the claim as a permissible remedy…"). Furthermore, I find that a proof of claim cannot be disallowed solely for a claimant's failure to comply with any provision in Rule 3001. *See In re Gorman*, 495 B.R. 823, 832-35 (Bankr. E.D. Tenn. 2013) (analyzing the two competing views on the basis for disallowing claims, the majority, exclusive view and the minority, non-exclusive view).

explain why the missing documentation could not be provided. *Id.* at 4. As stated above, the Claimant did respond to Debtor's request and did attempt to locate the requested documentation. Moreover, the Claimant's responses have already been ruled as inadmissible hearsay and are granted no evidentiary value. I will refrain from imposing redundant sanctions pursuant to Rule 3001(c)(2)(D)(i).

I will now analyze my findings in unison with a § 502(b)(1) analysis to determine if the Claimant satisfied its burden as to the validity of the Claim, by a preponderance of the evidence.

3. *11 U.S.C. § 502(b) and Pennsylvania State Law*

Debtor alleges that the Claim should be disallowed pursuant to § 502(b)(1). Section 502(b)(1) provides:

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that--
>   (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

To determine the allowance of a proof of claim under § 502(b)(1), courts often look to state law.

> "[C]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtors' obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code. That principle requires bankruptcy courts to consult state law in determining the validity of most claims."

*Travelers Cas. & Sur. Co. of Am. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 450–51, 127 S. Ct. 1199, 1204-05 (2007) (internal citation omitted). "A claim against the bankruptcy estate ... will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 245 n. 66 (3d Cir. 2005) (citation and internal quotation marks omitted). Additionally, the "[Supreme Court]

10

generally presume[s] that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed." *Travelers*, 549 U.S. at 452, 127 S. Ct. at 1206. Therefore, I will next turn to Pennsylvania state law to determine whether the Claim would survive under a breach of contract theory.

Pennsylvania is a fact-pleading state. *Lerner v. Lerner*, 2008 PA Super 183, ¶ 12, 954 A.2d 1229, 1235 (2008) (citation omitted). Pennsylvania Rule of Civil Procedure 1019 governs the content of pleadings. *Id.* Pa.R.C.P. 1019(i) provides:

> When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Similar to Rule 3001(c)(1), Pa.R.C.P. 1019(i) requires that, if a claim is based on a writing, the original writing, or an explanation of the writing's absence, needs to be attached to the filing.

Where there is no binding state court precedent on an issue, it is the responsibility of a federal court to predict how it believes the highest state court would rule on a particular issue. *In re McElwee*, 469 B.R. 566, 585 (Bankr. M.D. Pa. 2012) (citations omitted). Generally, if the state's highest court has not clearly ruled on a matter, a federal court may rely on the decisions of intermediate state courts, unless the federal court is convinced that the highest state court would decide the issue differently. *Id.* (citations omitted). The Pennsylvania Supreme Court, the state's highest court, has not ruled on the application of Pa.R.C.P. 1019(i). In matters involving Pa.R.C.P. 1019(h) & (i), if the underlying credit card agreement or the assignment of that agreement is not attached to the filing, or its absence is not explained, the Superior Court of Pennsylvania and the Court of Common Pleas of Pennsylvania have held that such filings may fail. *See Atlantic Credit and Finance, Inc. v. Giuliana*, 2003 PA Super 259, ¶ 13, 829 A.2d 340, 345 (2003) (holding that preliminary objections of appellant based on a failure of appellee to

11

produce the cardholder agreement and statement of account should have been sustained, and therefore, remanded the case back to the trial court); *Capital One Bank v. Caldararo*, 2015 WL 13780407, at *2-3 (Pa. Com. Pl. Oct. 16, 2015) (holding that the amended complaint was deficient because the plaintiff had not attached the initial agreement to their pleading nor had the plaintiff explained its absence); *Remit Corp. v. Miller*, 2008 WL 4491523, at 44-45 (Pa. Com. Pl. Aug. 15, 2008) (holding that plaintiff's claim was insufficient because the relevant cardholder agreement, the original credit application, and the assignment agreement were not attached to the complaint). While failing to attach the original cardholder agreement or failing to explain its absence alone does not guarantee that a claim will fail, it is the specific facts of each case which determine whether a claim is supported by enough documentation to sustain a breach of contract complaint. Before entering my holding, I will briefly discuss two Middle District of Pennsylvania bankruptcy cases which were similar to the case at bar.

In *In re Mayne*, Judge Thomas overruled a debtor's objections to claim because the debtor did not satisfy her burden in refuting the claim. 2015 WL 6459995, at *3 (Bankr. M.D. Pa. Oct. 26, 2015). Specifically, Judge Thomas found that the debtor did not provide any evidence to support either of her two arguments. *Id.* at *2-3. The debtor merely argued that (1) the assignee claimant lacked standing because debtor did not owe it a debt; and (2) the claimant did not attach to the claim the cardholder agreement, a complete statement of account, and evidence of an assignment to establish the account. *Id.* at 2. Implicit in Judge Thomas' holding is the idea that, without additional evidence, a mere failure to attach sufficient documentation to a claim cannot be the sole basis for disallowing a claim. *See id.* (As Judge Thomas pointed out in reference to the debtor's second argument, a failure to satisfy the pleading requirements of Rule 3001 or Pa.R.C.P. 1019 does "not rise to the level of determining whether or not the

12

claimant has a claim unenforceable against the [d]ebtor."). Subsequently, the claimant filed a motion for reconsideration, but the motion was denied. *In re Mayne*, 556 B.R. 651 (Bankr. M.D. Pa. 2016).

In *In re Snedeker*, Judge Thomas disallowed a claim because the claimant had not satisfied its burden of persuasion. 2018 WL 3583047, at *4 (Bankr. M.D. Pa. July 25, 2018). The debtor in *Snedeker*, similar to *Mayne*, argued a lack of standing and failure to attach the original cardholder agreement. *Id.* at 2. However, the debtor in *Snedeker* testified at the hearing that she did not owe a debt to the claimant. *Id.* In addition to this evidence, Judge Thomas found persuasive the claimant's failure to provide, or explain the absence of, the original cardholder agreement after the court's request and the debtor's Rule 3001(c)(3)(B) request to do so. *Id.* at 4. Even though the facts of *Mayne* and *Snedeker* were somewhat similar, it was the additional evidence provided by the debtor and the claimant's failure to satisfy its ultimate burden which led Judge Thomas to hold differently in *Snedeker*.

As provided in *In re Allegheny Int'l, Inc.*, the initial burden of proof for claims rests with the claimant. 954 F.2d 167, 173 (3d Cir. 1992). I have already held that Claimant met its initial burden of proof. *See* Section III.A., *supra*. Claimant timely filed its Claim on January 20, 2015. Br. in Supp. of Resp. to Debtor's Obj. to Proof of Claim No. 5 at 2, ECF No. 85. The Claim contains an amount of claim of $3,937.42 on an account number ending in 1529 that Claimant allegedly bought from Citibank on October 30, 2014. Proof of Claim No. 5 at 3, ECF Claim No. 5-1. Additionally, attached to the Claim are the Statement of Claim, the Bill of Sale and Assignment, and the Account Statement. *Id.* at 3-6. Furthermore, Claimant points out that Debtor listed in its Schedule F an undisputed claim owed to Citibank on account number 1529 in the amount of $3,821.00 which Claimant also points out is similar to the amount listed as the

13

previous balance on the Account Statement that was attached to the Claim. Debtor's Br. in Supp. of Debtor's Obj. to Proof of Claim No. 5 at 2, ECF No. 86. While this is a judicial admission of a debt owed to Citibank, it is not evidence of a debt held by Claimant.

The burden going forward then "shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim." *In re Allegheny Int'l, Inc.*, 954 F.2d at 173. On October 22, 2018, Debtor objected to the Claim, not due to the existence or validity of the debt owed to Citibank, but because the Claim did not provide the original cardholder agreement between Citibank and Debtor nor did it provide the specific account number which Citibank allegedly assigned to Claimant. *See* Resp. to Debtor's Obj. to Proof of Claim No. 5 at 7, ECF No. 79; *see also* Debtor's Obj. to Proof of Claim No. 5 at 1-2, ECF No. 78. Additionally, at the December 11 Hearing, Debtor testified that she had no knowledge of her debt being transferred to Claimant and that she did not owe any debt to Claimant. Debtor's Br. in Supp. of Debtor's Obj. to Proof of Claim No. 5 at 2, ECF No. 86. I find, similar to Judge Thomas' holding in *Snedeker*, that Debtor has produced sufficient evidence through her Objection and testimony at the December 11 Hearing to negate the Claim's *prima facie* validity. *See In re Snedeker*, 2018 WL 3583047, at *1-4 (Bankr. M.D. Pa. July 25, 2018); *see also In re Allegheny Int'l, Inc.*, 954 F.2d at 173-74 ("It is often said that the objector must produce evidence equal in force to the *prima facie* case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." (internal citations omitted)).

The burden then "reverts back to the claimant to prove the validity of the claim by a preponderance of the evidence. **The burden of persuasion is always on the claimant**." *Id.* at 174 (citations omitted) (emphasis in the original). I find that Claimant failed to produce any

subsequent admissible evidence to prove the validity of its Claim by a preponderance of the evidence or carry its burden of persuasion. Specifically, Claimant's Bill of Sale and Assignment references an attached exhibit describing the accounts sold from Citibank to Claimant. Proof of Claim No. 5 at 4, ECF Claim No. 5-1. However, Claimant failed to attach or subsequently produce this exhibit or any other documentation specifically showing that Citibank sold Debtor's account ending in 1529 to Claimant. Therefore, I find that, pursuant to § 502(b)(1) and Pennsylvania state law, the Claim should be disallowed.

    4. *Claimant's Alternative Theories of Recovery Under Pennsylvania State Law*

Claimant's Brief, in threadbare fashion, appears to argue that the Claim can be sustained under three different state law theories of recovery. *See* Br. in Supp. of Resp. to Debtor's Obj. to Proof of Claim No. 5 at 10, ECF No. 85. Those theories are: (1) account stated, (2) unjust enrichment, and (3) promissory estoppel.

    a. Account Stated

An account stated is an "account in writing, examined and accepted by both parties. which acceptance need not be expressly so, but may be implied from the circumstances." *Robbins v. Weinstein*, 143 Pa. Super. 307, 17 A.2d 629, 634 (1941). To plead a cause of action for an account stated, the plaintiff must plead the following elements: "(1) there has been a running account, (2) a balance remains due, (3) the account has been rendered upon the defendant, and (4) the defendant has assented to the account." *Citibank (S. Dakota) N.A. v. Ambrose*, 2010 WL 3923159, at *405 (Pa. Com. Pl. June 8, 2010).

The facts of this case do not support an account stated theory of recovery in favor of Claimant.[5] Additionally, the case Claimant cites does not discuss how an assignment of credit

---

[5] *See generally Capital One Bank (USA) NA v. Clevenstine*, 2009 WL 1245043 (Pa. Com. Pl. Jan. 30, 2009) ("An account stated theory is not appropriate in a credit card account case.").

15

card debt factors into an account stated theory analysis.⁶ Br. in Supp. of Resp. to Debtor's Obj. to Proof of Claim No. 5 at 10 n.2, ECF No. 85 (citing *Citibank (S. Dakota) N.A. v. Ambrose*, 2010 WL 3923159 (Pa. Com. Pl. June 8, 2010)). Therefore, under Pennsylvania state law, I find that Claimant's theory of recovery of account stated must be denied.

      b. Unjust Enrichment

Under Pennsylvania law, the elements of unjust enrichment are as follows:

> (1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.

*Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 180 (3d Cir. 2008). "[T]here is not a rigid formula that can be applied in a determination of whether there has been unjust enrichment as that determination 'depends on the unique factual circumstances of each case.'" *In re Lampe*, 665 F.3d 506, 520 (3d Cir. 2011) (quoting *Safe Auto Ins. Co. v. Berlin*, 991 A.2d 327, 336 n. 6 (Pa.Super.Ct.2010)). "The most significant element of the doctrine is whether the enrichment of the defendant is unjust; the doctrine does not apply simply because the defendant may have benefited as a result of the actions of the plaintiff." *iRecycleNow.com v. Starr Indem. & Liab. Co.*, 674 F. App'x 161, 162-63 (3d Cir. 2017) (citation omitted).

      The facts of this case do not support an unjust enrichment theory of recovery in favor of Claimant. Claimant failed to state how Debtor was unjustly enriched or in what amount. Claimant didn't even go through an unjust enrichment analysis using the facts of this case.⁷ Therefore, I will deny Claimant's theory of recovery of unjust enrichment under Pennsylvania state law.

---

⁶ Br. in Supp. of Resp. to Debtor's Obj. to Proof of Claim No. 5 at 10 n.2, ECF No. 85 (citing *Citibank (S. Dakota) N.A. v. Ambrose*, 2010 WL 3923159 (Pa. Com. Pl. June 8, 2010)).
⁷ *See* Br. in Supp. of Resp. to Debtor's Obj. to Proof of Claim No. 5 at 10 & n.3, ECF No. 85.

c. Promissory Estoppel

To make a claim for promissory estoppel under Pennsylvania law,

> the aggrieved party must show that 1) the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promisee; 2) the promisee actually took action or refrained from taking action in reliance on the promise; and 3) injustice can be avoided only by enforcing the promise.

*Edwards v. Wyatt*, 335 F.3d 261, 277 (3d Cir. 2003).

The facts of this case do not support a promissory estoppel theory of recovery in favor of Claimant. Again, Claimant has made no attempt to explain how the facts of this case apply to a promissory estoppel theory of recovery.[8] Therefore, I will deny Claimant's theory of recovery of promissory estoppel under Pennsylvania state law.

## IV. CONCLUSION

In sum, I find that Claimant has not met its ultimate burden, and therefore, the Claim is disallowed in its entirety pursuant to § 502(b)(1) and Pennsylvania state law. Judgment will be entered consistent with this Opinion.

By the Court,

_____
Robert N. Opel, II, Chief Bankruptcy Judge
(BI)

May 24, 2019

---

[8] *See* Br. in Supp. of Resp. to Debtor's Obj. to Proof of Claim No. 5 at 10 & n.4, ECF No. 85.